UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CARMEN MENJIVAR GUARDADO, | No. 2:20-CV-00716 WBS AC |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND AND DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS |
| FORD MOTOR COMPANY; HAYWARD FORD, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff Carmen Menjivar Guardado filed this action against defendants Ford Motor Company ("Ford Motor"), Hayward Ford, Inc. ("Hayward Ford"), and Does 1 through 50, alleging various warranty and negligent repair claims arising out of the sale of a defective Ford vehicle.  Before the court are plaintiff's motion to remand (Docket No. 13) and defendant Ford Motor's motion to dismiss (Docket No. 12).

I.   Factual and Procedural Background

Plaintiff purchased a 2017 Ford Focus (the "vehicle").

1

1    (First Amended Complaint ("FAC") ¶ 8 (Docket No. 5).)   In

2    connection with the purchase of the vehicle, plaintiff received

3    an express written warranty which provided, in relevant part,

4    that in the event the vehicle developed a defect during the

5    warranty period, plaintiff could deliver the vehicle for repair

6    services to defendant Ford Motor's "representative" and the

7    vehicle would be repaired.  (Id. ¶ 11.)  During the warranty

8    period, plaintiff's vehicle developed defects in its engine,

9    battery, emission, and transmission.  (Id. ¶ 13.)  Plaintiff

10   delivered the vehicle for repair services, but defendant Ford

11   Motor and its representative were unable to repair the vehicle.

12   (Id. ¶ 16.)  As a result, the use and/or value of the vehicle was

13   substantially impaired.  (Id. ¶ 17.)

14        Plaintiff filed suit in state court against only

15   defendant Ford Motor alleging the following causes of action: (1)

16   failure to replace or reimburse after reasonable number of repair

17   attempts, Cal. Civ. Code § 1793.2(d); (2) failure to commence

18   repair within a reasonable time, Cal. Civ. Code § 1793.2(b); (3)

19   failure to make available to its authorized service and repair

20   facilities sufficient service literature and replacement parts to

21   effect repairs, Cal. Civ. Code § 1793.2(a)(3); (4) breach of

22   express written warranty, Cal. Civ. Code § 1791.2(a); and (5)

23   breach of the implied warranty of merchantability, Cal. Civ. Code

24   § 1791.1.  (See generally Complaint (Docket No. 1-2).)

25        Defendant Ford Motor removed the action based on

26   diversity jurisdiction.  (Docket No. 1.)  Plaintiff subsequently

27   filed a first amended complaint naming Hayward Ford as a

28   defendant and alleging an additional claim against only Hayward

2

1   Ford for negligent repair.  (<u>See generally</u> FAC.)  Because Hayward

2   Ford is a California corporation (<u>id.</u> ¶ 4), such that its

3   involvement in this action destroys complete diversity, plaintiff

4   moves to remand for lack of subject matter jurisdiction.  (Mot.

5   to Remand at 1.)  Defendant Ford Motor in turn moves to dismiss

6   only plaintiff's negligent repair claim against Hayward Ford.

7   (Mot. to Dismiss at 8-11.)

8   I.   <u>Motion to Remand</u>

9        "[T]he proper standard for deciding whether to allow

10   post-removal joinder of a diversity-destroying defendant is set

11   forth in 28 U.S.C. § 1447(e)."  <u>Boon v. Allstate Ins. Co.</u>, 229 F.

12   Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002).  Under Section 1447(e),

13   a "district court has two options in dealing with an attempt to

14   join a non-diverse party" after removal.  <u>Newcombe v. Adolf Coors</u>

15   <u>Co.</u>, 157 F.3d 686, 691 (9th Cir. 1998).  "If after removal the

16   plaintiff seeks to join additional defendants whose joinder would

17   destroy subject matter jurisdiction, the court may deny joinder,

18   or permit joinder and remand the action to the State court."  28

19   U.S.C. § 1447(e); <u>id.</u>  "The language of § 1447(e) is couched in

20   permissive terms and . . . the decision regarding joinder of a

21   diversity-destroying-defendant is left to the discretion of the

22   district court."  <u>Newcombe</u>, 157 F.3d at 691.

23        In evaluating whether to deny joinder or to permit

24   joinder and remand under Section 1447(e), the court considers the

25   following factors: "(1) whether the party sought to be joined is

26   needed for just adjudication and would be joined under Federal

27   Rule of Civil Procedure 19(a); (2) whether the statute of

28   limitations would preclude an original action against the new

1  defendants in state court; (3) whether there has been unexplained

2  delay in requesting joinder; (4) whether joinder is intended

3  solely to defeat federal jurisdiction; (5) whether the claims

4  against the new defendant appear valid; and (6) whether denial of

5  joinder will prejudice the plaintiff."  Flynn v. Wells Fargo

6  Bank, N.A., No. 2:19-CV-00116 WBS KJN, 2019 WL 2249600, at *4

7  (E.D. Cal. May 24, 2019) (citing IBC Aviation Servs. v. Compañia

8  Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011

9  (N.D. Cal. 2000)).

10       On balance, these factors weight against permitting

11  joinder.  With respect to the first factor, Hayward Ford is not a

12  necessary party under Federal Rule of Civil Procedure 19(a)

13  because plaintiff can obtain "complete relief" from defendant

14  Ford Motor.  See Fed. R. Civ. P. R. 19(a).  If plaintiff is

15  successful on the warranty claims against Ford Motor, "nothing

16  precludes Plaintiff from recovering the full amount of damages

17  requested in the Complaint, even in the absence of [the local

18  dealer]."  See Goines v. BMW of N. Am., LLC, No. LA 16-CV-09271

19  JAK EX, 2017 WL 10676597, at *3 (C.D. Cal. July 14, 2017)

20  (denying joinder of local car dealership where plaintiff alleged

21  warranty claims); Newcombe, 157 F.3d at 691 (affirming the

22  district court's denial of joinder where plaintiff sought damages

23  that "could be fully satisfied by the other defendants").

24  "Conversely, if Defendant is found not to have breached the

25  implied or express warranty of merchantability, Plaintiff can

26  still seek to recover from [the local dealer] in a separate

27  action" in state court.  See Goines, 2017 WL 10676597, at *3.

28  Defendant Hayward Ford is therefore not necessary for just

1 adjudication of this action.

2       The second factor similarly weighs against permitting

3 joinder.  Plaintiff concedes that the relevant statute of

4 limitations would not prevent her from bringing a cause of action

5 against Hayward Ford in state court.  (Mot. to Remand at 7.)

6       With respect to the third factor, plaintiff correctly

7 asserts that the amended complaint was filed only two months

8 after plaintiff filed her initial complaint.  (Reply at 4-5

9 (Docket No. 18).)  A "minimal" delay, however, is not necessarily

10 "justified."  See Flynn, 2019 WL 2249600, at *4.  In determining

11 whether there was "unexplained delay," "courts must consider

12 whether the 'moving party knew or should have known the facts and

13 theories raised by the amendment in the original pleading.'"

14 Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1284 (C.D.

15 Cal. 2015) (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385,

16 1388 (9th Cir. 1990)).  Plaintiff's explanation for the delay

17 here is that she investigated the "corporate structure" of

18 Hayward Ford to "determine that it was not a subsidiary or the

19 alter-ego of Defendant [Ford Motor]."  (Reply at 5.)

20       This argument is not persuasive.  Plaintiff's initial

21 complaint specifically states that the warranty required the

22 local dealer -- Ford Motor's "representative" -- to repair the

23 vehicle, and that the dealer failed to do so.  (Compl. ¶¶ 10,

24 15.)  Therefore, it was Hayward Ford's failure to properly repair

25 the vehicle that prompted plaintiff to file suit.  Plaintiff's

26 alleged confusion regarding the relationship between the two

27 defendants does not explain why plaintiff, knowing that Hayward

28 Ford failed to repair the vehicle, as well as all facts necessary

to allege a claim for negligent repair, did not name Hayward Ford in the initial complaint.  Because plaintiff "knew or had reason to know of [the dealer's] involvement long before" amending the complaint, this factor weighs against remand.  Cf. Goines, 2017 WL 10676597, at *4.

The court similarly concludes that the fifth factor weighs against remand because several issues raise concerns as to whether the claims against Hayward Ford were asserted for the purpose of defeating diversity jurisdiction.  First, as explained above, success on the negligent repair claim against Hayward Ford does not afford plaintiff any additional relief.  Cf. Murphy, 74 F. Supp. 3d at 1286.  Plaintiff does not refute this point and does not articulate an alternative legitimate reason to join Hayward Ford after removal.

Second, the economic loss rule bars tort claims for purely economic losses.  NuCal Foods, Inc. v. Quality Egg LLC, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013) (citing Seely v. White Motor Co., 63 Cal. 2d 9, 18 (1965)).  In order to recover on a claim for negligence, plaintiff must prove that the negligence caused "physical harm to person or property."  UMG Recordings, Inc. v. Global Eagle Entm't, Inc., 117 F. Supp. 3d 1092, 1103 (C.D. Cal. 2015) (quoting Giles v. General Motors Acceptance Corp., 494 F.3d 865, 873 (9th Cir. 2007)).  Here, plaintiff claims only economic losses and does not allege that the defective vehicle harmed other property.  (See FAC ¶ 30.) Further, plaintiff merely asserts in conclusory fashion that the claim is "facially legitimate" and does not respond to defendant's contention that the economic loss rule would preclude

6

1    recovery here.  (See Mot. to Remand at 6; see also Opp'n to Mot.

2    to Dismiss at 5-6 (Docket No. 19).)  Accordingly, the court

3    cannot discern any reason, other than the destruction of

4    diversity, for the joinder of Hayward Ford at this stge of the

5    proceeding.  The fifth factor therefore weighs against remand.

6         Finally, because plaintiff will not be prejudiced if

7    the amendment is not granted, the sixth factor also weighs

8    against remand.  "[P]rejudice to a plaintiff 'exists if the

9    proposed defendant is crucial to the case' and 'does not exist if

10   complete relief can be afforded without that defendant.'"  Bird

11   v. Wells Fargo Bank, N.A., No. 16-cv-01130, 2017 WL 2797854, at

12   *6 (E.D. Cal. Jun. 27, 2017) (quoting McCarty v. Johnson &

13   Johnson, No. 1:10-cv-00350, 2010 WL 2629913, at *9 (E.D. Cal.

14   2010)).  As previously discussed, plaintiff can obtain complete

15   relief even if Hayward Ford is not a named party.  Further,

16   because the economic loss rule appears to preclude recovery

17   against Hayward Ford, plaintiff cannot be worse off if the court

18   does not permit joinder.  Cf. Vasquez v. Wells Fargo Bank, Nat'l

19   Ass'n, 77 F. Supp. 3d 911, 923 (N.D. Cal. 2015) (finding no

20   prejudice to plaintiff where "Plaintiff fails to state viable

21   claims against" the joined defendant).  Accordingly, because this

22   factor, like the rest of the Section 1447(e) factors, weighs

23   against remand, the court will exercise its discretion to deny

24   plaintiff's joinder of Hayward Ford.  See Newcombe, 157 F.3d at

25   691.  For the same reasons, the court will deny plaintiff's

26   motion to remand and grant Ford Motor's motion to dismiss the

27   negligent repair claim.  Cf. id.

28   ///

1          IT IS THEREFORE ORDERED that plaintiff's motion to

2    remand (Docket No. 13) be, and the same hereby is, DENIED.

3          IT IS FURTHER ORDERED that defendant's motion to

4    dismiss this action as against defendant Hayward Ford, Inc. only

5    (Docket No. 12) be, and the same hereby is, GRANTED.

6    Dated:  June 25, 2020

7                                WILLIAM B. SHUBB
                                 UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28